Michael Zoldan; AZ Bar No. 028128
**ZOLDAN LAW GROUP, PLLC**
5050 N. 40th St., Suite 260
Phoenix, AZ 85018
Tel & Fax: 480.442.3410
mzoldan@zoldangroup.com

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| **Jordan Christensen**; an Arizona resident;<br><br>Plaintiff,<br><br>v.<br><br>**Earnhardt Management Company**, an Arizona company;<br><br>Defendant. | Case No.<br><br>**VERIFIED COMPLAINT**<br><br>**(Jury Trial Requested)** |

Plaintiff Jordan Christensen ("**Christensen**"), for her complaint against Defendant Earnhardt Management Company ("**Earnhardt**") hereby alleges as follows:

## PARTIES

1. Plaintiff is, and at all times relevant hereto was, a resident of Maricopa County, Arizona.

2. Upon information and belief, Earnhardt is an Arizona company which is registered to conduct business and is currently doing business in the State of Arizona.

## JURISDICTION AND VENUE

3. All acts complained herein occurred in Maricopa County, Arizona, and this Court has jurisdiction over the parties and subject matter set forth in this Complaint pursuant the Family and Medical Leave Act ("**FMLA**"), 29 U.S.C. § 2601, *et seq*. and the

1

Arizona Fair Wages and Families Act, Paid Sick Law ("**PSL**"), A.R.S. § 23-371, *et seq*.

4. This Court has federal question subject matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 in that her FMLA claim set forth in this Complaint arises under federal law.

5. Plaintiff's state law claim is sufficiently related to her federal claim that it forms part of the same case or controversy. The Court therefore has supplemental jurisdiction over Plaintiff's state claim pursuant to 28 U.S.C. § 1367.

6. The employment practices alleged to be unlawful were committed within, and had their primary effect in, the jurisdiction of the United States District Court for the District of Arizona.

7. Plaintiff was, at all relevant times, an employee of Earnhardt within the meaning of the FMLA and the PSL.

8. Plaintiff was an "eligible employee" within the meaning of the FMLA.

9. At all relevant times, Earnhardt has continuously been an employer within the meaning of the FMLA.

10. Personal jurisdiction in this Court is proper.

11. Venue in this Court is proper.

## FACTUAL ALLEGATIONS

12. Christensen worked for Earnhardt for seventeen years, most recently as a Service Manager.

13. During her tenure with Earnhardt, Christensen excelled and was routinely applauded for her work and received several pay increases and bonuses – including a pay raise on July 1, 2021.

2

14. At no point prior to Ms. Christensen's termination on August 31, 2021, did she receive any form of write up, discipline, or negative performance review.

15. According to Earnhardt policy, when an employee tests positive for Covid she is required to quarantine for ten days.

16. According to Earnhardt policy, when anyone residing in an employee's home contracts Covid, the employee is required to undergo a ten-day quarantine period.

17. In the event that an employee and a family member both contract Covid at or around the same time, Earnhardt's policy requires a ten-day quarantine starting from the latest positive test by either the employee the family member residing in the employee's household.

18. On August 10, 2021, Christensen tested positive for Covid.

19. Per Earnhardt's policy, Christensen was required to remain at home and quarantine for ten days.

20. During her quarantine, Christensen's Covid related symptoms were severe. She had body aches, difficulty breathing, fevers, and contracted pneumonia. She required the care of a physician and was prescribed antibiotics, steroids, an inhaler, and was required to undergo breathing treatments.

21. On August 20, 2021, Christensen's husband tested positive for Covid.

22. Earnhardt was notified of Mr. Christensen's Covid diagnosis on August 20, 2021.

23. According to Earnhardt policy, Christensen was required to quarantine for an additional ten days, until August 31, 2021, due to her husband contracting Covid.

24. Mr. Christensen's Covid symptoms were similar to what Ms. Christensen experienced. He experienced body aches, fevers, and acute difficulty breathing. He also required the care of a physician and was prescribed antibiotics, steroids, an inhaler, and was

3

required to undergo breathing treatments.

25. As Christensen's Covid symptoms began to wane, she assumed full responsibility of caring for her husband.

26. From August 10, 2021 until August 31, 2021, Christensen was continuously either incapacitated due to her own serious health condition or was caring for the serious health condition of her husband.

27. On August 31st, Christensen returned to work and was fired by Earnhardt Management employees Joe Masiello and James Vento.

28. During the termination meeting, Masiello and Vento informed Christensen that she was being fired due to complaints that a few of her subordinate employees allegedly made while she was on medical/sick leave.

29. Masiello told Christensen that her termination was necessary because the department risked a "revolt" if she remained employed as the Service Manager.

30. Notably, Masiello and Vento had not brought up any concerns about morale or Christensen's effectiveness as a manager prior to her taking medical and sick leave.

31. On September 8, 2021, Christensen met with Earnhardt HR representative, Julie Benz, to discuss her termination.

32. At no point during the meeting did Benz state that Christensen had not been terminated.

33. Yet, on September 16, 2021, Benz emailed Christensen inaccurately claiming that she had voluntarily resigned.

34. Upon information and belief, Earnhardt selected Christensen's replacement during the time frame she was out on medical and sick leave.

4

35. Additionally, upon information and belief, numerous Earnhardt employees dispute that a supposed revolt was imminent due to Christensen's continued employment.

36. Ultimately, Christensen was terminated because she took medical and sick leave. There was no suggestion that her job was in jeopardy before going on leave and she was terminated the day she returned for baseless reasons.

**COUNT I**
**INTERFERENCE IN VIOLATION OF THE FAMILY MEDICAL LEAVE ACT**
**29 U.S.C. § 2615**

37. Plaintiff reasserts and realleges each and every allegation in this complaint as if fully set forth herein.

38. It is unlawful for an employer to interfere with, restrain, or deny the exercise of any right under the FMLA. 29 U.S.C. § 2615.

39. At all relevant times, Defendant employed more than 50 employees and as such, is an employer for purposes of FMLA, subject to FMLA requirements.

40. Plaintiff was an "eligible employee" entitled to take leave pursuant to the FMLA.

41. Plaintiff has a "serious health condition" as defined by the FMLA and was incapacitated as a result of that condition.

42. Plaintiff provided sufficient notice of her need to take leave.

43. Defendant was aware that Plaintiff was eligible for FMLA leave and incapacitated as a result of her and her husband's serious health conditions.

44. Defendant failed to properly appraise Plaintiff of her rights under the FMLA and terminated her employment.

45. Defendant terminated Plaintiff the day she returned from medical leave,

5

interfering with Plaintiff's rights under the FMLA to be reinstated to her position or an equivalent position.

46. As a direct, intentional, and willful consequence of such illegal conduct, Plaintiff suffered adverse employment actions including termination of employment.

47. Plaintiff is entitled to recover damages against Defendant in an amount to be proven at trial.

## COUNT II
## ARIZONA EARNED PAID SICK TIME LAW

48. Plaintiff reasserts and realleges each and every allegation in this complaint as if fully set forth herein.

49. At all relevant times, Plaintiff was an employee under A.R.S. § 23-371, et seq.

50. At all relevant times, Defendant was an employer under A.R.S. § 23-371, et seq.

51. Plaintiff was entitled to earned paid sick time for (1) her own medical condition; (2) care of a family member with a physical illness; and (3) care of a family member whose presence in the community may jeopardize the health of others because his or her exposure to a communicable disease. *See* A.R.S. § 23-373(A)(1-3).

52. Defendant violated A.R.S. § 23-374 by retaliating and discriminating against Plaintiff for exercising rights protected by PSL.

53. Defendant failed to provide Plaintiff with written notice that employees are entitled to earned paid sick time paid sick time and the amount of earned paid sick time, the terms of its use guaranteed under A.R.S. § 23-375, that retaliation against employees

who request or use earned paid sick time is prohibited, that each employee has the right to file a complaint if earned paid sick time as required by A.R.S. § 23-374 is denied by the employer or the employee is subjected to retaliation for requesting or taking earned paid sick time, and the contact information for the commission where questions about rights and responsibilities under A.R.S. § 23-374 can be answered.

54.  Defendant failed to notify Plaintiff of the amount of earned paid sick time available to her, the amount of earned paid sick time taken by Plaintiff to date in the year and the amount of pay Plaintiff has received as earned paid sick time shall be recorded in, or on an attachment to, the Plaintiff's regular paycheck.

55.  Defendant took unlawful personnel action against Plaintiff within 90-days of her exercising her rights under PSL, and therefore the presumption is raised that such action was retaliatory pursuant to A.R.S. § 23-364.

56.  Plaintiff was terminated because of her use of Earned Paid Sick Time.

### CONCLUSION AND PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment against Defendant Earnhardt, as follows:

A.  An award of damages for all counts in an amount to be proven at trial;

B.  An award of back pay and front pay;

C.  An award of compensatory and punitive damages in an amount to be proven at trial;

D.  Liquidated damages pursuant to A.R.S. § 23-364(G) and 29 U.S.C. § 2617(a)(1)(A)(iii); and

E.  Reasonable attorneys' fees and other costs and expenses under the FMLA

pursuant to 29 U.S.C.A. § 2617(3) and A.R.S. § 23-364(G);

F.     $150 per day under A.R.S. § 23-364(G).

G.     A civil penalty of at least $250 dollars for Defendant's first violation of Defendant's PSL notice requirement, and at least $1,000 dollars for each subsequent or willful violations under A.R.S. § 23-364(F).

H.     Pre- and post-judgment interest;

I.     Any other remedies or judgments deemed just and equitable by this Court.

### JURY DEMAND

Plaintiff hereby demands a trial by jury of all issues so triable.

RESPECTFULLY SUBMITTED February 15, 2022.

**ZOLDAN LAW GROUP, PLLC**

By: /s/ Michael Zoldan
5050 N. 40th St., Suite 260
Scottsdale, AZ 85260
Attorneys for Plaintiff

## VERIFICATION

Plaintiff Jordan Christensen declares under penalty of perjury that she has read the foregoing Verified Complaint and is familiar with the contents thereof. The matters asserted therein are true and based on her personal knowledge, except as to those matters stated upon information and belief, and as to those matters, she believes them to be true.

_____
Jordan Christensen